IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02258-BNB

MELVYN P. RIVERS,

    Applicant,

v.

KEVIN MILYARD, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 8 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS

---

I. Background

Applicant Melvyn P. Rivers is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility. Mr. Rivers, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his Colorado state court conviction that was entered on May 17, 2000.

In an order filed on September 23, 2009, the Court directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 18, 2009, Respondents filed a Pre-Answer Response. Mr. Rivers filed a Reply and a Motion for Disqualification, Recusal, and or Change of Venue on December 7, 2009.

In the Motion for Disqualification, Mr. Rivers asks the Court to remove Respondent John Suthers as counsel for Respondent Kevin Milyard. The Court knows of no legal authority, nor does Mr. Rivers assert any legal authority, for granting his request to remove John Suthers from this case. The Office of the Attorney General for the State of Colorado is the proper party to address the issues of timeliness and exhaustion. Furthermore, Respondent John Suthers is named only as a representative of the Office of the Attorney General. An attorney other than Mr. Suthers has made an appearance on Mr. Milyard's behalf in this case.

Mr. Rivers claims that The Office of the Attorney General used its influence when it faxed a copy of the Motion for Extension of Time to File Pre-Answer Response (Doc. No. 5) to the prison facility where he is incarcerated on a state furlough day, which delayed his receipt of the motion and resulted in the motion being treated favorably by the Court. (Mot. for Disqualification at 2.) Even though Mr. Rivers claims he did not receive the faxed copy of the Motion until October 21, 2009, he asserts that he received a mailed copy on either October 14 or 15. After Mr. Rivers received a copy of the Motion, he did not file an objection to the Court granting the Motion, he only filed a Letter in which he objected to the delay in receiving a copy of the Motion.

Under Local Rule 7.1C. of the United States District Court for the District of Colorado Local Rules of Practice, the Court has discretion to address a motion at any time after the motion is filed. The Court does not find that the faxing of a copy of the Motion to Mr. Rivers was an attempt by the Office of the Attorney General to exercise its influence nor was the faxing prejudicial to Mr. Rivers. Furthermore, Mr. Rivers is

not prejudiced by the extension of time that was granted to Respondents to file a Pre-Answer Response.

Mr. Rivers also claims that he will not receive a fair and unbiased opportunity to present his habeas case in this action if Mr. Suthers is allowed to represent Mr. Milyard. Mr. Rivers' claim is conclusory and vague and for the reasons stated above without merit. The Court, therefore, finds no conflict of interest simply because Mr. Suthers was the DOC Executive Director and the United States Attorney for the District of Colorado prior to his being appointed and subsequently elected State of Colorado Attorney General. Mr. Rivers' Motion for Disqualification, Recusal, and or Change of Venue will be denied.

In the Application, Mr. Rivers asserts that a trial jury found him guilty in Case No. 99CR2735 in the Arapahoe County District Court of Colorado of first degree assault and of a crime of violence. (Application at 2.) Mr. Rivers further asserts that he filed a direct appeal, in which a petition for writ of certiorari was denied on June 17, 2002, (Application at 3) and a Colo. R. Crim. P. 35(c) postconviction motion on August 29, 2000, in which a petition for certiorari review was denied on January 12, 2009. (Application at 4). Mr. Rivers raises four claims in the instant action. Although the claims are convoluted and repetitive, it appears Mr. Rivers is attempting to assert double jeopardy, a speedy trial violation, detainment without being charged, and failure to join offenses in a prior prosecution.

II. Analysis

The Court must liberally construe Mr. Rivers' Application because he is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall**

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

A. Time Bar/28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that the Application is untimely. They argue, relying on **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001), that for purposes of 28 U.S.C. § 2244(d) Mr. Rivers' conviction and sentence became final on September 15, 2002, ninety days after the Colorado Supreme Court denied a petition for a writ of certiorari in the direct appeal of his state criminal case. Respondents further assert that Mr. Rivers filed (1) five motions prior to his sentencing that the Colorado Court of Appeals later found to be abandoned; (2) a motion to vacate his conviction and sentence on August 28, 2000, after his sentencing; (3) a motion for sentence reduction on October 22, 2002, that was denied on May 28, 2003; and (4) both a motion for show cause on January 17, 2003, and a "motion to prosecute criminal complaint hearing" on October 14, 2003, that on July 13, 2006, the Colorado Court of Appeals found to be without legal basis.

Respondents contend that, notwithstanding the Colorado Court of Appeals' decision to the contrary, it is reasonable to find the August 28 postconviction motion was abandoned at the time Mr. Rivers filed his motion for sentence reduction on October 22, 2002. Respondents further contend that because the Colorado Court of Appeals found Mr. Rivers' January 17 motion to show cause and his October 14 motion to be without legal basis the time was not tolled while these motions were pending. Based on these arguments, Respondents conclude that the August 28 motion and the January 17 and October 13 motions did not toll the time for the purposes of 28 U.S.C. § 2244(d) and the Application is untimely.

This Court finds that the Colorado Court of Appeals would not have directed the trial court to rule on the August 28 postconviction motion if it believed the motion was

abandoned. The court of appeals would have ruled that the motion was abandoned as it did with respect to Mr. Rivers' five presentence motions. *See State of Colo. v. Rivers*, No. 04CA0155 (Colo. App. July 13, 2006). Furthermore, when the trial court considered the August 28 motion on remand, it did not dismiss the motion as abandoned. *See State of Colo. v. Rivers*, No. 07CA0775 (Colo. App. June 12, 2008). Moreover, Respondents' tolling argument with respect to the January 17 and October 14 motions is moot. The trial court did not rule on the August 28 motion until March 22, 2007. The time is tolled for purposes of § 2244(d) without considering the January 17 and October 14 motions.

Mr. Rivers' conviction was final, as Respondents suggest, on September 15, 2002. Mr. Rivers also had a postconviction motion pending in state court until January 12, 2009, when the Colorado Supreme Court denied his petition for a writ of certiorari in his August 28, 2000 postconviction motion. The time from January 13, 2009, the day after the August 28 motion became final, until September 21, 2009, the day prior to when Mr. Rivers filed the instant action, is the only time that is not tolled for the purposes of 28 U.S.C. § 2244(d). Because the time that is not tolled is less than one year, the Application is timely.

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); **Dever v. Kansas State**

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground.

*Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Rivers' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Respondents argue that Mr. Rivers has failed to exhaust state court remedies in each of his claims because the Colorado Court of Appeals disposed of the claims on procedural grounds of waiver, abandonment, and abuse of process. (Pre-Answer Resp. at 12.) Respondents further argue that the grounds for the Colorado Court of Appeals' decision were independent and the authority on which the court of appeals relied, *People v. Rodriguez,* 914 P.2d 230, 253 n.20, 254 (Colo. 2007), establishes the

8

grounds as adequate. (Pre-Answer Resp. at 12.) Respondents conclude that the claims are procedurally defaulted and to overcome the default Mr. Rivers must establish cause and actual prejudice or a miscarriage of justice. (Pre-Answer Resp. at 12.)

Upon review of the Colorado Court of Appeals' opinion in *State of Colo. v. Rivers*, No. 04CA0155 (Colo. App. July 13, 2006), this Court finds that Mr. Rivers has procedurally defaulted the four claims he raises in this action. Mr. Rivers waived and abandoned the claims he raises in this action (*see* App. H at 21-24) because he failed to assert the claims in his direct appeal, *see Rivers*, No. 04CA0155 at 2. The court of appeals found, based on *Rodriguez*, 914 F.2d at 253, n. 20, that it is an abuse of process for Mr. Rivers to use a Colo. R. Crim. P. 35(c) postconviction motion to raise an issue that previously was raised in the trial court but deliberately or inexcusably omitted on direct appeal. *Rivers*, No. 04CA0155 at 3.

Mr. Rivers argues in his Reply that the Colorado Attorney General should be time-barred from raising the timeliness and procedural default defenses because he failed to argue the defenses when Mr. Rivers filed his pleadings. (Reply at 2.) Mr. Rivers further argues that he can not afford to make copies of the entire record of his litigation in the Colorado state courts to substantiate his assertions. (Reply at 3.) Mr. Rivers was informed in *Rivers*, No. 04CA0155 at 2-3, that his claims were procedurally defaulted because he failed to raise them in his direct appeal and was unable to raise them in a Rule 35(c) postconviction motion. The state court records provided by Respondent are sufficient for the Court to determine that Mr. Rivers has procedurally defaulted his claims. Furthermore, Mr. Rivers does not claim ineffective assistance of

appellate counsel in failing to assert the claims on direct appeal. Neither of the arguments Mr. Rivers asserts in his Reply demonstrates cause and actual prejudice or a miscarriage of justice for his procedural default.

Each of the claims Mr. Rivers raises in this action were raised in the trial court but were not raised on direct appeal. *Rivers*, No. 04CA0155 at 1-2. Mr. Rivers' claims for relief, therefore, were not adjudicated on the merits in state court. The claims have been defaulted in state court on an independent and adequate state procedural ground. Nothing Mr. Rivers asserts in his Application demonstrates cause and prejudice or a fundamental miscarriage of justice that would provide a basis for overcoming the state procedural default. Mr. Rivers' claims, therefore, are barred from federal habeas review.

III. Conclusion

Based on the above findings, it is

ORDERED that Mr. Rivers' Motion for Disqualification, Recusal, and or Change of Venue (Doc. No. 11) filed on December 7, 2009, is DENIED. It is

FURTHER ORDERED that the Application is denied and the action is dismissed as procedurally barred from federal habeas review.

DATED at Denver, Colorado, this 8 day of February, 2010.

BY THE COURT:

Christine M Arguello for
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02258-BNB

Melvyn P. Rivers
Prisoner No. 106373
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/8/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk